IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS T. JACKSON II, | ) |
| Plaintiff(s), | ) No. C 06-0104 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| RICHARD KIRKLAND, et al., | ) (Doc # 2 & 3) |
| Defendant(s). | ) |

Plaintiff, a prisoner at Pelican Bay State Prison in Crescent City, California ("PBSP"), has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that in December 2003 he slipped while exiting the showers and seriously injured himself. Plaintiff further alleges that six months before he slipped a class action was filed in state court requesting that PBSP correct a safety hazard in the showers. In response, the concrete areas in front of the showers were "acid etched" by late November 2003; however, plaintiff's shower area was overlooked.

Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

It is clearly established that neither negligence nor gross negligence is actionable under § 1983 in the prison context. Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable steps to abate it. Id. at 837.

Although regrettable, plaintiff's allegations must be dismissed because they amount to no more than a claim for negligence or gross negligence not actionable under § 1983. That the parties responsible for acid etching the many showers at PBSP somehow overlooked the showers in plaintiff's section was classic negligence or gross negligence, not deliberate indifference.

**CONCLUSION**

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 3) is DENIED and the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (see, e.g., doc # 2), and close the file.  No fee is due.

SO ORDERED.

DATED:  Jan. 17, 2006

CHARLES R. BREYER
United States District Judge